IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,045-01






EX PARTE PAUL DOUGLAS GATES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-1045830-L IN CRIMINAL DISTRICT COURT NO. 5


FROM DALLAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to forty-five years' imprisonment. The Fifth Court of Appeals affirmed his
conviction. Gates v. State, No. 05-11-00404-CR (Tex. App.--Dallas 2011, no pet.).

 Applicant contends that appellate counsel failed to timely inform him that his conviction had
been affirmed and that he could file a pro se petition for discretionary review (PDR). Applicant has
alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 668 (1984);
Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997). 

 The trial court concluded that appellate counsel was not ineffective and recommended that
we dismiss this application under Article 11.07, § 4 of the Code of Criminal Procedure. (1) We believe
that the record should be further developed. The trial court shall order appellate counsel to respond
to Applicant's claim and state whether he filed a compliance letter, Tex. R. App. P. 48.4, and he
timely informed Applicant that his conviction had been affirmed and that he could file a pro se PDR. 
The trial court shall also order an authorized person at the Correctional Institutions Division of the
Texas Department of Criminal Justice to respond and state whether Applicant received
correspondence from appellate counsel between March 9 and April 15, 2012. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make further findings of fact and conclusions of law as to whether
appellate counsel timely informed Applicant that his conviction had been affirmed and that he had
a right to file a pro se PDR. If the trial court finds that appellate counsel did so, the trial court shall
also make findings and conclusions as to when, if at all, Applicant received appellate counsel's
letter. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: February 27, 2013

Do not publish
1. This is not a subsequent application under Article 11.07, § 4. It is an initial application
and does not challenge the conviction or sentence. Ex parte Torres, 943 S.W.2d 469, 474 (Tex.
Crim. App. 1997).